IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

STANLEY B. NEWMAN,            )
                             )
    Plaintiff,                )
                             )
v.                           )            CASE NO. 1:18-cv-425-WKW-GMB
                             )            [WO]
WALLY OLSON,                 )
                             )
    Defendant.                )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the *pro se* complaint of Plaintiff Stanley B. Newman. Doc. 1. Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. Doc. 3. For the reasons stated herein, the Magistrate Judge RECOMMENDS that this action be DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and that any pending motions be DENIED as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Newman commenced this 42 U.S.C. § 1983 action on April 19, 2018, naming as Defendant Sheriff Wally Olson. Doc. 1. At the time of his filing, Newman was an inmate of the Dale County Jail. Olson answered the complaint. Doc. 12.

On June 11, 2018, the court set the case for telephonic status conference. *See* Doc. 15. The court ordered the persons having custody of Newman in the Dale County Jail to make Newman available for the conference call and directed the Clerk to provide a copy of the Order to the jail. Doc. 15. The Order was mailed to Newman at the Dale County

address he provided to the court. Doc. 15.  On June 18, 2018, the court's Order was returned as "Undeliverable," with the notation from the United States Postal Service: "returned to sender, insufficient address—unable to forward."  On June 20, 2018, the court entered an Order stating that the administration of the case cannot properly proceed if the whereabouts of Newman remain unknown, and giving Newman until July 5, 2018 to file with the court a current address and to show cause why the case should not be dismissed for failure to prosecute this action. Doc. 16.  In that order, the court cautioned Newman that if he failed to respond to the Order, the undersigned Magistrate Judge would recommend that the case be dismissed due to Newman's failure to keep the court apprised of his current address. Doc. 16.

On June 25, 2018, the court's Order was returned as "Undeliverable" with the notation "returned to sender—unable to forward."

Since his last filing on June 4, 2018, the court has received no filings or communication from Newman.  Newman's June 4, 2018 filing was mailed in an envelope with the return address of the Dale County Jail. Doc. 11 at 3.  No other address has been provided to the court.  Newman has had more than a month from the court's last Order to update the court on his current address, and has been cautioned as to the consequences of his failure to do so, but has failed to provide the court with his current address.

## II.  DISCUSSION

"The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006); *see also* Fed. R. Civ. P. 41(b).  Dismissal has been

described as a "sanction of last resort," and is "generally reserved for cases of willful disobedience to court orders." *St. Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (internal quotation marks omitted).  In addition to the authority vested by Rule 41, the power to dismiss an action "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).  In the Eleventh Circuit, dismissal with prejudice is appropriate only "where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Comms.*, 178 F.3d 1373, 1374 (11th Cir. 2006) (internal quotation marks omitted).

Despite being given the opportunity to provide the court with his address, Newman has failed to do so.  The case cannot proceed if Newman, the party bringing the action, cannot be reached by the court.

The court, mindful of the consequences of a dismissal with prejudice, has considered whether a less drastic sanction is appropriate in this instance.  Because Newman is proceeding *in forma pauperis*, there appears to be no possibility of collecting a monetary penalty from him.  Further, there is no indication that any other non-dispositive sanction would suffice to bring Newman into compliance with the court's orders because Newman cannot be reached by the court.  Thus, the court has little choice but to conclude that dismissal is necessary.

### III.  CONCLUSION

Accordingly, for the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice pursuant to Federal Rule of

Civil Procedure 41(b) and all pending motions be DENIED as moot.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than August 10, 2018.** Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 27th day of July, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE